(48 Misc. Rep. 351.)

TOCCI v. GIANVECCHIO.

(Supreme Court, Appellate Term.　October 27, 1905.)

ATTACHMENT—AFFIDAVIT—SUFFICIENCY.

> An attachment provided for by Code Civ. Proc. § 3169 (3), on affidavit that defendant has removed or is about to remove property from the state with intent to defraud his creditors, is not authorized by an affidavit showing that defendant is in custody in default of $2,000 bail, and merely suggesting that he may at any time be discharged, and that in such case he will leave the state for the purpose of defrauding plaintiff.

> [Ed. Note.—For cases in point, see vol. 5, Cent. Dig. Attachment, §§ 111–117.]

Appeal from City Court of New York, Special Term.

Action by Felice Tocci against Gaetano Gianvecchio.　From an order denying a motion to vacate an attachment, defendant appeals.　Reversed.

Argued before SCOTT, P. J., and BISCHOFF and FITZGERALD, JJ.

Rosario Maggio, for appellant.

Eugene L. Parodi, for respondent.

BISCHOFF, J.　The motion to vacate the warrant of attachment was made upon the papers upon which the attachment was granted, and in our opinion the defendant was entitled to the relief sought.　The affidavit upon which the warrant was based set forth a sufficient cause of action of the class in which an attachment is authorized, but there was a total failure to bring the case within the provisions of section 3169 of the Code of Civil Procedure with regard to the residence or the intended departure of the defendant.　It was not alleged that the defendant was not a resident of this state, nor that he had departed from the state with intent to defraud his creditors, nor that the place of his sojourn could not be ascertained, nor that he was absent from the state, as required by subdivisions 1, 2, or 4 of section 3169 of the Code.　It is impossible to bring the case within the alternative provisions of subdivision 3 of that section, to wit, "that the defendant, being an adult, has removed or is about to remove property from the state, with intent to defraud his creditors," since it was alleged in the moving affidavit that at the time of the application for the warrant the defendant was in custody, in default of $2,000 bail to await the action of a magistrate in the county of New York.　The only suggestion of the defendant's intentions for the future is contained in this statement:

"That the defendant may be discharged from custody at any time, and that, in the event of his discharge, defendant will leave the state of New York; he having engaged passage on the steamer Caronia of the White Star Line, for the purpose of defrauding this plaintiff."

This certainly does not amount to proof that the defendant at the time was about to remove property from the state.　The defendant was then in custody, and was not about to remove either himself or such property as he possessed, and, at best, we have the plaintiff's conclusion that, in the contingency of his procuring bail, he might take advantage of the

opportunity to leave the country. As the facts appeared and at the time of the application, the defendant was in no position to exercise a choice as to his then movements, and, if he were, there is still a total absence of any allegation that he was about to remove property from the state, which fact alone, irrespective of the defendant's personal movements, was an absolute essential for the purposes of a case within subdivision 3 of section 3169 of the Code. The case, therefore, does not fall within any of the subdivisions of this section; nor does it fall within section 636 of the Code, assuming that the latter section would have application.

The order appealed from must therefore be reversed, with $10 costs and disbursements, and the motion granted, with $10 costs. All concur.